IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MASONTAE HICKMAN | § | |
| VS. | § | CIVIL ACTION NO. 1:20cv276 |
| UNITED STATES OF AMERICA | § | |

<u>MEMORANDUM OPINION</u>

Masontae Hickman, an inmate incarcerated within the Bureau of Prisons, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

<u>Procedural History</u>

A federal grand jury previously returned a seventeen-count, third superseding indictment against movant and four co-defendants. In Counts 4, 6, 8, 10, 12, 14 and 16, movant was charged with obstructing interstate commerce by committing robbery, in violation of 18 U.S.C. §§ 1951 (the Hobbs Act) and 2. In Counts 5, 7, 9, 11, 13, 15 and 17, movant was charged with using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2.

Following a jury trial, movant was found guilty of all the charges against him. He was sentenced to a total of 3180 months of imprisonment.

A panel of the United States Court of Appeals for the Fifth Circuit affirmed the convictions and sentences. After rehearing *en banc* was granted, an evenly denied court affirmed the convictions and sentences. A petition for writ of *certiorari* was denied by the Supreme Court.

As a result of a prior motion to vacate, the convictions based upon Counts 9, 11, 13, 15 and 17 of the third superseding indictment were vacated. Movant's sentence was reduced to 480 months of imprisonment.

<u>The Motion to Vacate</u>

Movant challenges his convictions under Counts 5 and 7 of the third superseding indictment for using or carrying a firearm during or in relation to a crime of violence.  He asserts that in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), these convictions are no longer valid.

<u>Analysis</u>

Title 18 U.S.C. § 924(c)(1)(A) sets forth criminal penalties for any person who uses or carries a firearm "during and in relation to any crime of violence or drug trafficking crime," or possesses  a firearm in furtherance of such a crime.  A crime of violence is defined as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or "*involves a substantial risk that physical force . . . may be used in the course of committing the offense.*"  18 U.S.C. § 924(c)(3)(A),(B).

In *Davis*, the Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3)(B), which is italicized above, is unconstitutionally vague.  139 S. Ct. at 2336.  However, *Davis* did not invalidate the elements clause of Section 924(c)(3).  *United States v. Dixon*, 799 F. App'x 308, 309 (2020).  As a result, movant's convictions under Section 924(c) can be sustained only if the convictions were predicated on a crime of violence as defined by the elements clause.  *United States v. Reece*, 938 F.3d 630, 635 (2019).

Hobbs Act robbery is a crime of violence under the elements clause.  *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017).  In movant's case, the predicate offenses for his convictions for using or carrying a firearm were Hobbs Act robbery.  Counts 5 and 7 of the third superseding indictment alleged movant used or carried a firearm during and in relation to a crime of violence,

namely attempted robbery.  Further, the jury was instructed that robbery or attempted robbery was a crime of violence and was therefore not required to determine whether robbery or attempted robbery was a crime of violence under either the elements clause or the residual clause.

As movant's convictions for using or carrying a firearm during and in relation to a crime of violence were predicated on Hobbs Act robbery, the convictions remain valid even in light of *Davis*. Movant is therefore not entitled to relief.

## Conclusion

For the reasons set forth above, this motion to vacate, set aside or correct sentence is without merit.  A final judgment shall be entered denying the motion to vacate.

In addition, the court is of the opinion movant is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability.  28 U.S.C. § 2253.  The standard for granting a certificate of appealability requires the movant to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004).  In making that substantial showing, the movant need not establish that he should prevail on the merits.  Rather, he must demonstrate that the issues raised are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worth of encouragement to proceed further.  *See Slack*, 529 U.S. at 483-84.  Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, movant has not shown that the issues raised are subject to debate among jurists of reason.  In addition, the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue.

**SIGNED** this the **19** day of **November, 2020.**

Thad Heartfield
United States District Judge